# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FELIX YAZZIE,

    Petitioner,

    v.                                                      CIV 06-0154 MV/WPL

JOE ROMERO, Warden, and
PATRICIA MADRID, Attorney General,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Felix Yazzie pled guilty pursuant to a plea agreement to driving under the influence of intoxicating liquor or drugs and open container. He was sentenced to two and one half years' imprisonment. He filed a timely *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter is before me on Yazzie's petition and Respondents' answer and motion to dismiss. For the reasons that follow, I recommend that the petition be dismissed without prejudice so that Yazzie may exhaust his claims in state court.

## **PROPOSED FINDINGS**

### FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2005, Yazzie pled guilty pursuant to a plea agreement to Driving Under the Influence of Intoxicating Liquor or Drugs, a third degree felony, contrary to N.M. STAT. § 66-08-102, and Open Container, a motor vehicle code misdemeanor, contrary to N.M. STAT. § 66-08-138(B). (Doc. 11 Ex. A, C.) The court found that this DWI conviction was at least Yazzie's sixth. (*Id.* Ex. A.) On February 23, 2005, Yazzie was sentenced to a term of imprisonment of two and a half years

for driving under the influence and given a twenty-five dollar fine for the open container offense. (*Id.*)

Yazzie filed a motion to amend judgment and sentence, claiming that (1) the court impermissibly enhanced his sentence based on DWI convictions occurring before a new fourth degree felony law was enacted in 1994, and (2) the court impermissibly enhanced his sentence based on DWI convictions in Utah state court. (*Id*. Ex. D.) The state district court denied the motion. (*Id*. Ex. E.)

Yazzie then filed a petition for writ of habeas corpus in state district court. (*Id*. Ex. F.) He appears to have brought, among other claims, the two claims he asserted in his motion to amend judgment and sentence. (*Id*.) The district court denied the writ. (*Id*. Ex. G.) Yazzie filed a petition for writ of certiorari in the New Mexico Supreme Court, which asserted the same two claims he brought in his motion to amend judgment and sentence. (*Id*. Ex. M.) On December 20, 2005, the supreme court informed Yazzie that his petition was received, but he failed to enclose a motion for free process. (*Id*. Ex. N.) His petition would be held until the court received further information from Yazzie. (*Id*.) He wrote to the court on January 27, 2006, inquiring as to the status of his case. (*Id*. Ex. O.) The court reiterated that his petition would continue to be held until the court received further information. (*Id*. Ex. P.)

Yazzie then filed an application for a writ of habeas corpus in federal court. (Doc. 1.) The State filed a motion to dismiss (Doc. 9) and an answer (Doc. 11). On May 19, 2006, I ordered Yazzie to file his response to the motion to dismiss by June 19, 2006. (Doc. 12.) He has not filed a response.

**EXHAUSTION**

Respondents contend that Yazzie's petition must be dismissed for failure to exhaust his state court remedies. (Doc. 10 at 2; Doc. 11 at 2.) A federal habeas petitioner must normally exhaust available state court remedies before a federal court will entertain his petition. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see* 28 U.S.C.A. § 2254(b), (c). The federal claims must be fairly presented to the state courts in order to satisfy the exhaustion requirement. *Picard*, 404 U.S. at 275. To give the state courts a full and fair opportunity to act on his claims, the petitioner must invoke one complete round of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

I agree that Yazzie has not exhausted his state court remedies. To be sure, he appears to have brought his federal claims in both his state habeas petition and his petition for writ of certiorari. (Doc. 11 Ex. F, M.) However, his petition for writ of certiorari was held pending receipt of further information. (Doc. 11 Ex. N, P.) There is no indication that he has provided that information, that the petition has been filed, or that the supreme court has ruled on his petition. He has not invoked one complete round of the state's appellate review process. *See O'Sullivan*, 526 U.S. at 845. His petition should therefore be dismissed without prejudice so that he may exhaust his state court remedies.

**RECOMMENDED DISPOSITION**

For the reasons stated herein, I recommend that:

(1) the Motion to Dismiss (Doc. 9) be GRANTED,

(2) the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) be DENIED, and

3

(3) this cause be dismissed without prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE